*1053 OPINION.
Smith:
This appeal presents for determination the following questions: (1) Whether the taxpayer, which accrued on its books of account salaries of its officers for a part of the year 1911 and for the entire year 1918, is entitled to deduct from the gross income of the years 1919 and 1920 the amounts of the deferred salaries paid during those years; and (2) whether the taxpayer had a deductible loss during the year 1920 in respect of the purchase and disposition of 110,000 pounds sterling at the contract price when the price of sterling at the actual date of purchase was less than at the date of the contract?
At the hearing of this appeal the representative of the Commis sioner moved to dismiss the petition on the ground that the taxpayer had been negligent in the prosecution of its appeal and had obtained numerous continuances. At the time the motion was made the president of the taxpayer corporation was present and ready to take the stand and submit relevant testimony on the points in issue. The motion for dismissal is denied.
With respect to the deduction in 1919 and 1920 of deferred salaries to officers, it appears that the taxpayer kept its books of account on an accrual basis. Regular salaries were accrued in favor of the officers from July 1, 1917, to December 31, 1918. The taxpayer’s *1054 books of account do not show the payment of the deferred salaries as an expense of the years 1919 and 1920. Under the Revenue Act of 1918 a corporation is required to account for income upon the basis upon which its books of account are kept, unless it appears that such basis does not truly reflect the income. No evidence has been introduced to show that the books of account as kept for the years 1919 and 1920 do not truly reflect the income. The action of the Commissioner in disallowing the deduction of the deferred salaries paid in 1919 and 1920 must therefore be approved.
The facts with respect to the deduction of $39,875 alleged loss on the purchase of foreign exchange are simply that the taxpayer contracted to purchase, during the early part of the year 1920, 110,000 pounds sterling at $3.86% per pound. The contract price was paid in December, 1920, at a time when the pound sterling had a value of only $3.50. At the same time the taxpayer used the foreign exchange thus acquired in the purchase of creosote oil in England. The taxpayer paid $39,875 more for the exchange than it would have been inquired to pay had it purchased it at the time that it made payment for the creosote oil. The Commissioner has disallowed the deduction of the $39,875 alleged loss. We think that he was in error in so doing. The cost of the creosote oil carried into the inventory at the close of the calendar year 1920 was not the amount that was paid for the exchange to carry out the contract made by the taxpayer with the Equitable Trust Company of New York, but $39,875 less than the amount paid for the exchange. The creosote oil could not be inventoried at December 31, 1920, at more than its actual cost and the cost was in terms of the exchange at the date of purchase. The contract foT the purchase of the foreign exchange was entered into in the early part of 1920 and completed in the month of December, 1920, at a loss of $39,875. That loss is a legal deduction from the gross income of the taxpayer for the year 1920.